JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444),
RBerman@jmbm.com
SUSAN ALLISON (Bar No. 133448),
SAllison@jmbm.com
JESSICA BROMALL SPARKMAN (Bar No. 235017),
JBromall@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff CHEROKEE INC., a Delaware corporation

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
ADAM LE BERTHON (Bar No. 145226)
Adam.LeBerthon@wilsonelser.com
IAN A. STEWART (Bar No. 250689),
Ian.Stewart@wilsonelser.com
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213)330-8830
Facsimile: (213) 443-5101

KEY & ASSOCIATES
Jeffery A. Key (*Pro Hac Vice*)
jakey@key-and-associates.com
321 N. Clark Street, #500
Chicago, Illinois 60654
Telephone: 312- 560-2148
Facsimile: 312-957-1236

Attorneys for Defendant and Cross-Complainant
WILSON SPORTING GOODS COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEROKEE INC., a Delaware corporation<br>Plaintiff,<br>v.<br>WILSON SPORTING GOODS COMPANY, a Delaware corporation; AMER SPORTS INTERNATIONAL OY, a Finland corporation; AMER SPORTS AMERICAS, an unknown business entity; and DOES 1 through 10, inclusive<br>Defendants.<br>AND RELATED COUNTERCLAIM | CASE NO. 2:15-cv-04023-BRO (Ex)<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

PRINTED ON
RECYCLED PAPER
LA 12140835v2

2290572v.1

IT IS HEREBY STIPULATED, AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Stipulation and Order shall govern the production and/or disclosure by any party or non-party ("the Producing Party") in this Action, including, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (such information shall hereinafter be referred to as "Discovery Material") and the handling of all such information produced or disclosed to any party ("Receiving Party").

1.  This Stipulation and Order shall apply to all information and documents, electronic documents, things, discovery responses and testimony designated in good faith as constituting or containing confidential material by parties and non-parties to this litigation. Any confidential material produced by a party or non-party in this litigation may be designated by such party or non-party as (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY" under the terms of this Stipulation and Order. This Stipulation and Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  Any Producing Party may designate any Discovery Material as "CONFIDENTIAL" ("Confidential Discovery Material") under the terms of this Stipulation and Order if such party in good faith believes that such Confidential Discovery Material contains information that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.

Information or documents that are available to the public may not be designated as Confidential Discovery Material.

3. Any Producing Party may designate any Discovery Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" ("Highly Confidential Discovery Material") under the terms of this Stipulation and Order if such party in good faith believes that such Discovery Material contains highly confidential material which comprises highly sensitive technical information relating to research for and production of current products, technical, business and research information regarding future products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations, and any non-public pending or abandoned patent applications, either foreign or domestic. In addition, a party shall have the further right to designate and mark documents as being "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," that relate to other proprietary information that the producing party reasonably believes is of such nature and character that disclosure of such information to the other party of record would be harmful to the Producing Party. The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is a certification by an attorney or a party appearing pro se that the document contains Confidential Discovery Material or Highly Confidential Discovery Material as defined in this Stipulation and Order.[1]

---

[1] An attorney who reviews the documents and designates them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" must be admitted to the Bar of at least one state but need not be admitted to practice in the Central District of California unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Stipulation and Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

4. CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY Discovery Material and information derived therefrom shall be used solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

5. The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of this Stipulation and Order shall be made in the following manner by the Producing Party:

a. In the case of Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other documentary materials (excluding depositions or other testimony) and tangible things by affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material and affixing the legend "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page containing Highly Confidential Discovery Material. When a Producing Party produces documents or other tangible things for inspection, no marking need be made by the Producing Party in advance of the inspection. For purposes of such inspection, all documents and tangible things produced shall be considered marked as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents or things for copying by the Receiving Party, the Producing Party shall mark the copies of such documents and things with the appropriate confidentiality marking at the time that the copies are produced to the Receiving Party.

b. In the case of depositions or other testimony, (i) by a statement on the record by counsel during such deposition or other testimony or portion thereof that such testimony shall be treated as Confidential or Highly Confidential Discovery Material, or (ii) by written notice to all parties sent by counsel within ten (10) business days after the written transcript is made available to any party. In the

foregoing instance, each party shall affix to all originals and copies of transcripts in its possession or control the appropriate confidentiality legends. The parties shall treat all depositions and other testimony as Highly Confidential Discovery Material until ten (10) business days after receiving a copy of the transcript thereof. After ten (10) business days, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material, and only those portions of any transcript designated as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be deemed Highly Confidential Discovery Material.

    c.    In the case of information made available during an inspection of premises, all such information shall be deemed "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Counsel for the Receiving Party shall be responsible for arranging to have the "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend affixed to all notes, drawings, photographs, videotapes or other documents and copies or portions thereof made at or as a result of the inspection and shall provide counsel for Producing Party with copies of all such drawings, videotapes, photographs, or other documents with ten (10) business days of the visit.

    d.    The inadvertent or unintentional disclosure by the Producing Party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the information disclosed. Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, not designated as such pursuant to this Stipulation and Order, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Producing

Party becomes aware of the inadvertent or unintentional disclosure. The Receiving Party shall thereafter mark, and treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, and such materials shall be fully subject to this Stipulation and Order as if they had been initially so designated.

6. Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

  a. counsel of record for the parties in this Action, members of their firms, associate attorneys, paralegal, clerical and other regular or temporary employees of such counsel necessary to assist in the conduct of this Action for use in accordance with this Stipulation and Order;

  b. any attorney employed as in-house counsel by a party, and any paralegal, clerical and other regular or temporary employees of a party as reasonably necessary to assist in the conduct of this Action for use in accordance with this Stipulation and Order once such in-house attorney and others covered by this sub-paragraph are identified to the Producing Party;

  c. outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") retained by a party in this Action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  d. the individual parties;

  e. the Court, court personnel and court reporters;

  f. outside photocopying, imaging, data base, graphics or design services retained by outside counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action;

  g. witnesses in this action to whom disclosure is reasonably necessary;

h. the author or recipient of the document (not including a person who received the document in the course of litigation); and

i. other persons (including in-house representatives who would not otherwise have access) only upon Order of the Court or upon written stipulation of the Producing Party and on such conditions as may be agreed or ordered.

7. Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraph 6(a), (b), (c), (e), (f), (g), (h), and (i).

8. Nothing in this Order shall bar or otherwise restrict any outside counsel or in-house counsel from rendering advice to a party-client in this litigation and, in the course thereof, relying upon such attorney's examination and/or analysis of Confidential or Highly Confidential Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with such client, such counsel shall not disclose any Confidential or Highly Confidential Discovery Material to persons not authorized to receive it pursuant to the terms of this Order.

9. Each person to be given access to Confidential or Highly Confidential Discovery Material (collectively "Material") pursuant to this Stipulation and Order (except those individuals listed in sub-paragraphs 6(a), 6(b), and 6(e)) shall be provided with a copy of this Stipulation and Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) the violation of the terms of the Stipulation and Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a Court Order. Any such person to be given access to Material must first read the Stipulation and Order, and must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this

1  Court for purposes of the enforcement of this Order. The original Undertaking shall
2  be retained by counsel giving access to the Material. If Material is to be disclosed
3  during a deposition or trial, the agreement to be bound and subject to jurisdiction may
4  be made on the record and under oath, rather than in writing, and any objections may
5  also be made orally. Pending resolution of such objections, no disclosures of
6  Material may be made.

7      10.    If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
8  ATTORNEYS' EYES ONLY" information is to be the subject of examination in
9  deposition of non-party witnesses, the following procedures shall apply. Witnesses
10 shall not retain a copy of documents containing Confidential or Highly Confidential
11 Discovery Material, except witnesses may receive a copy of all exhibits marked at
12 their depositions in connection with review of the transcripts. Pages of transcribed
13 deposition testimony or exhibits to depositions that are designated as Confidential or
14 Highly Confidential Discovery Material pursuant to the process set out in this Order
15 must be separately bound by the court reporter and may not be disclosed to anyone
16 except as permitted under this Order.

17     11.    Should any Confidential or Highly Confidential Discovery Material be
18 disclosed, through inadvertence or otherwise, to any person or party not authorized
19 under this Stipulation and Order, then, in addition to any penalties for violation of this
20 Stipulation and Order to which the disclosing party may be subject, the disclosing
21 party shall use its best efforts to bind such unauthorized person to the terms of this
22 Stipulation and Order; and the disclosing party shall: (a) promptly inform such person
23 of all the provisions of this Stipulation and Order; (b) immediately advise the
24 Producing Party of the identity of Confidential or Highly Confidential Discovery
25 Material so disclosed and the identity of the person(s) to whom it was disclosed; (c)
26 request such person to sign an Undertaking in the form attached as Exhibit A; and (d)
27 retrieve all copies of documents and things containing the inadvertently disclosed

information. The executed Undertaking shall be served promptly upon the Producing Party.

12  This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential or Highly Confidential Discovery Material in connection with a motion, brief or other submission to the Court shall file the document under seal in accordance with (i) Local Rule L.R. 79-5 Of the Central District of California and (ii) the Standing Order and related requirements of Judge O'Connell and the assigned Magistrate Judge.

13.  Entering into, agreeing to, and/or producing or receiving Confidential or Highly Confidential Discovery Material or otherwise complying with the terms of this Stipulation and Order shall not:

    a.  operate as an admission by any party that any particular Confidential or Highly Confidential Discovery Material produced by another party or non-party contains or reflects trade secrets, proprietary or commercially sensitive information or any type of confidential information;

    b.  operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Highly Confidential Discovery Material;

    c.  prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery;

    d.  prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

    e.  prejudice in any way the rights of a party to seek determination by the Court whether any Discovery Material should or should not be subject to the terms of this Stipulation and Order;

      f.    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; and/or

      g.    prevent the parties to this Stipulation and Order from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material.

14.    Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independently of any proceedings in this Action, or which:

      a.    was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in the Action; and/or

      b.    is or becomes publicly known by lawful means and through no fault or act of such party; or

      c.    is rightfully received by such party from a third party which has authority to provide such Confidential or Highly Confidential Discovery Material and without restriction as to disclosure.

15.    In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Stipulation and Order or an alternative protective Order entered by the Court. In addition, third parties who are subpoenaed to produce information in this Action may produce information subject to this Protective Order, provided they agree in writing to be bound by its provisions.

- 10 -

16. It is the present intention of the parties that the provisions of this Stipulation and Order shall govern discovery and other pretrial and trial proceedings in this Action, subject to any contrary requirements of the Court or the Magistrate Judge. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the assigned Magistrate on notice to the other parties hereto for good cause. No change in this Stipulation and Order that adversely affects the protection of any information, document, or thing produced or given by a non-party in this case shall be made without giving appropriate notice to that non-party and an opportunity to be heard by the Court.

17. The parties agree to be bound by the terms of this Stipulation and Order pending its entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties.

18. The provisions of this Stipulation and Order and this Court's jurisdiction to enforce its terms shall survive the conclusion of this Action. Within sixty (60) days after receiving notice of the entry of an Order, judgment or decree finally disposing of this Action, including any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material shall return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies. Counsel shall make reasonable efforts to ensure that any Consultants it has retained abide by this provision. Counsel shall provide a certification that all Confidential or Highly Confidential Discovery Material has been returned or destroyed pursuant to this paragraph. Outside counsel of record in this Action shall be entitled to retain court papers, deposition and trial transcripts, exhibits and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential Discovery Material contained in such court papers, transcripts, or attorney work

1 product to any person or entity except pursuant to a written agreement with the
2 Producing Party. All material returned to the parties or their counsel by the Court
3 likewise shall be handled in accordance with this paragraph.

4     19. During the pendency of this Action, any party objecting to the
5 designation of any Discovery Material or testimony as Confidential or Highly
6 Confidential Discovery Material may, after making a good-faith effort to resolve any
7 objection, move for an Order vacating the designation. While such an application is
8 pending, the Discovery Material or testimony in question shall be treated as it has
9 been designated, either Confidential or Highly Confidential Discovery Material,
10 pursuant to this Stipulation and Order. The provisions of this Stipulation and Order
11 are not intended to shift the burden of establishing confidentiality, which shall at all
12 times remain with the Producing Party.

13     20. In the event that any Confidential or Highly Confidential Discovery
14 Material is used in any trial, hearing or other court proceeding in this Action or any
15 appeal therefrom, said Confidential or Highly Confidential Discovery Material shall
16 not lose its status as Confidential or Highly Confidential Discovery Material through
17 such use. Counsel shall confer with the Court on such procedures as are necessary to
18 protect the confidentiality of any documents, information and transcripts used in the
19 course of any such proceedings.

20     21. If any Receiving Party (a) is subpoenaed in another action, or (b) is
21 served with a demand in another action to which it is a party, or (c) is served with any
22 legal process by one not a party to this Action, seeking Discovery Material which was
23 produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
24 ATTORNEYS' EYES ONLY" by someone other than the Receiving Party, the
25 Receiving Party shall give actual written notice, by hand or facsimile transmission,
26 within five (5) business days of receipt of the subpoena, demand, or legal process to
27 those who produced or designated the material "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to allow the Producing Party to object to its production to the extent permitted by law. Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Stipulation and Order to enforce such a subpoena, demand or other legal process, the Receiving Party shall respond by setting forth the existence of this Stipulation and Order. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

22. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request whether or not the receiving party agrees with the claim. All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. After taking these actions, the receiving party may move the Court to compel production based on a challenge to the producing party's assertion of inadvertence, privilege, or immunity.

**[SIGNATURES ON NEXT PAGE]**

| | | |
|---|---|---|
| 1 | DATED: August 5, 2015 | JEFFER MANGELS BUTLER & MITCHELL LLP |

By: /s/Susan Allison
ROD S. BERMAN (Bar No. 105444),
RBerman@jmbm.com
SUSAN ALLISON (Bar No. 133448),
SAllison@jmbm.com
JESSICA BROMALL SPARKMAN (Bar No. 235017), JBromall@jmbm.com
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiff CHEROKEE INC.

DATED: August 5, 2015

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: /s/Adam Le Berthon
ADAM LE BERTHON (Bar No. 145226)
Adam.LeBerthon@wilsonelser.com
IAN A. STEWART (Bar No. 250689),
Ian.Stewart@wilsonelser.com
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
Telephone: (213)330-8830
Facsimile: (213) 443-5101

KEY & ASSOCIATES
Jeffery A. Key (*Pro Hac Vice*)
jakey@key-and-associates.com
321 N. Clark Street, #500
Chicago, Illinois 60654
Telephone: 312- 560-2148
Facsimile: 312-957-1236

Attorneys for Defendant and Cross-Complainant WILSON SPORTING GOODS COMPANY

**ORDER**

IT IS SO ORDERED.

Dated: 8/18/15

_____
MAGISTRATE JUDGE CHARLES F. EICK

- 14 -

2290572v.1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEROKEE INC., a Delaware corporation<br>Plaintiff,<br>v.<br>WILSON SPORTING GOODS COMPANY, a Delaware corporation; AMER SPORTS INTERNATIONAL OY, a Finland corporation; AMER SPORTS AMERICAS, an unknown business entity; and DOES 1 through 10, inclusive<br>Defendants. | CASE NO. 2:15-cv-04023-BRO (Ex)<br><br>**STIPULATION AND ORDER GOVERNING THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| WILSON SPORTING GOODS CO., a Delaware corporation,<br>Counterclaim-Plaintiff,<br>v.<br>CHEROKEE INC, a Delaware corporation; and ROES 1 through 10, inclusive,<br>Counterclaim-Defendant. | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulation and Order Governing the Protection and Exchange of Confidential Material dated _____ in the above-captioned action and attached hereto (the "Confidentiality Order"), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and

1  not to disclose any such Confidential Information to any other person, firm or
2  concern.
3      The undersigned acknowledges that violation of the Confidentiality
4  Order may result in penalties for contempt of court.

5      Name: _____
6      Job Title: _____
7      Employer: _____
8      Business Address: _____
9                       _____
10                      _____

12     Date: _____     _____
13                                          Signature

PRINTED ON RECYCLED PAPER
LA 12140835v2
2290572v.1
JMBM Jeffer Mangels Butler & Mitchell LLP